UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22367-Civ-UNGARO
MAGISTRATE JUDGE P.A. WHITE

BOBBY JONES,                          :

    Petitioner,                   :

                                  <u>SUPPLEMENTAL REPORT</u>

v.                                    :           <u>OF</u>

WALTER A. McNEIL,                     :       <u>MAGISTRATE JUDGE</u>

    Respondent.                   :

_____

    Bobby Jones, a state prisoner confined at Everglades Correctional Institution at Miami, Florida, has filed a <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking his convictions entered in Case No. 01-15137 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.

    This Cause has been re-referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1]After consideration of the petition and the respondent's response to an order to show cause with multiple exhibits, a report was entered by the undersigned on March 3, 2008, recommending that the habeas corpus petition be dismissed as time barred. (DE# 16). Jones filed objections to the report with supporting exhibits, asserting that he should be excused from the time-bar on the basis of equitable tolling. (DE# 19, 22). After review of the petitioner's objections, the Honorable Ursula Ungaro, United States District Judge, entered an order on October 9, 2008, agreeing with the petitioner that application of the doctrine of equitable tolling was warranted here. See Order Reversing Report and Recommendation that the Petitioner's Action Pursuant to 28 U.S.C. §2254 be Dismissed as Time Barred and Re-Referring Case to Magistrate Judge. (DE# 23). Consequently, the case was re-referred to the undersigned for consideration of the claims on the merits. <u>Id</u>.

For its consideration of the petition on the merits, the Court has the respondent's response to an order to show cause with multiple exhibits.

Jones raises the following grounds for relief:

1.   He received ineffective assistance of trial counsel, because his lawyer failed to rebut the evidence provided by the state's fingerprint technician with testimony from a defense expert.

2.   His convictions are unlawful, because the state improperly withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1983).

3.   He received ineffective assistance of appellate counsel, because his lawyer raised a frivolous issue and failed to raise the meritorious claim that the evidence admitted at trial was insufficient to sustain his conviction.

The relevant procedural history of this case is as follows. Jones was convicted after jury trial of the offense of burglary of an unoccupied dwelling and grand theft. (Record on Direct Appeal at 58-9)(DE# 11). He was sentenced as a violent career criminal and habitual violent felony offender to a minimum mandatory term of imprisonment of thirty years. Id. at 60-3. Jones prosecuted a direct appeal, raising the following sole claim, verbatim:  The trial judge erred in sentencing defendant as a violent career criminal when the state failed to prove that defendant had been previously convicted of three forcible felonies. (DE# 11; App. A). The sentence was *per curiam* affirmed by the Florida Third District Court of Appeal. See Jones v. State, 853 So.2d 565 (Fla. 3 DCA 2003).

Jones also pursued postconviction relief, first challenging his convictions and sentences in a *pro se* motion filed pursuant to Fla.R.Crim.P. 3.850 in the trial court. (DE# 11; App. H). Jones essentially raised the grounds presented here as claims one and two

and also included an unrelated attack on his sentence. <u>Id</u>. The
state filed a response. (DE# 11; App. I). The trial court summarily
denied relief in a thorough and well-reasoned order, finding that
Jones had not established that he received ineffective assistance
of trial counsel pursuant to <u>Strickland v. Washington</u>, 466 U.S. 668
(1984) and had not established a violation pursuant to <u>Brady v.</u>
<u>Maryland</u>, 373 U.S. 83 (1983). (DE# 11; App. J). Jones' motion for
rehearing was denied by the trial court and the denial of
postconviction relief was *per curiam* affirmed by the appellate
court in belated appellate proceedings. (DE# 11; App. K, L, Q). <u>See</u>
<u>also</u> <u>Jones v. State</u>, 928 So.2d 1234 (Fla. 3 DCA 2006)(table); <u>Jones</u>
<u>v. State</u>,  959 So.2d 408 (Fla. 3 DCA 2007). Jones also challenged
his convictions in a *pro se* petition for writ of habeas corpus
filed in the state appellate court, alleging the same ground of
ineffective assistance of appellate counsel presented in the
instant federal petition. (DE# 11; App. E). The petition was denied
after the court had received and reviewed a response from the state
and reply from Jones. (DE# 11; App. F, G). <u>See also</u> <u>Jones v. State</u>,
928 So.2d 1234 (Fla. 3 DCA 2006)(table).

After all relevant state court proceedings had concluded,
Jones came to this Court, filing the instant *pro se* petition for
writ of habeas corpus pursuant to 28 U.S.C. §2254.[2] The respondent
concedes that the claims of this federal petition have been
exhausted before the state courts. <u>See</u> 28 U.S.C. §2254(b)(1) and
(b)(1)(A) (A state prisoner's habeas corpus petition "shall not be
granted unless it appears that----the applicant has exhausted the

---

[2]It is noted that at the time of the filing of the instant federal
petition, Jones was also pursuing an unrelated motion to correct illegal sentence
pursuant to <u>Fla.R.Crim.P</u>. 3.800, challenging his violent career criminal sentence
as unlawful pursuant to state sentencing principles. (DE# 11; App. R at 1). <u>See</u>
<u>also</u> <u>Jones v. State</u>, 988 So.2d 1109 (Fla. 3 DCA 2008). The trial court summarily
denied the motion, and the Florida Third District Court of Appeal affirmed the
denial in a written opinion issued on July 9, 2008. <u>Jones</u>, 988 So.2d 1109.

remedies available in the courts of the State....").[3] Since the
respondent's initial assertion of time-bar has been rejected by
this Court, all claims raised by Petitioner will be reviewed on the
merits.

Petitioner filed his petition after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996).
Consequently, post-AEDPA law governs this action. Abdul-Kabir v.
Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585
(2007); Penry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150
L.Ed.2d 9 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n .9 (11
Cir. 2007). Under AEDPA, the standard of review "is 'greatly
circumscribed and highly deferential to the state courts.' Crawford
v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002)." Stewart v. Sec. Dept.
of Corrections, 476 F.3d 1193, 1208 (11 Cir. 2007). See also Parker
v. Sec.Dept.of Corrections, 331 F.3d 764 (11 Cir. 2003). AEDPA
altered the federal court's role in reviewing state prisoner
applications in order to "prevent federal habeas 'retrials' and to
ensure that state-court convictions are given effect to the extent
possible under law." Bell v. Cone, 535 U.S. 685, 693, 122 S.Ct.

_____

[3]An applicant's federal writ of habeas corpus will not be granted unless
the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim
must be presented to the highest court of the state to satisfy the exhaustion of
state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999);
Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677
F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is
required to present his claims to the state courts such that they are permitted
the "opportunity to apply controlling legal principles to the facts bearing upon
[his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971).
Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it
may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its
denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979). As to challenges
to the representation received from appellate counsel, under Florida law, the
proper vehicle for asserting such a claim is a petition for writ of habeas corpus
directed to the appellate court that considered the direct appeal. Smith v.
State, 400 So.2d 956, 960 (Fla. 1981).

1843, 152 L.Ed.2d 914 (2002).

Where a petitioner's claim(s) raises a federal question, see 28 U.S.C. §2254(a)("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"), was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. See e.g., Ferguson v. Culliver, 527 F.3d 1144, 1146 (11 Cir. 2008). Pursuant to 28 U.S.C. §2254(d), habeas relief is available only in cases where the claims were adjudicated on the merits and the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in state court." Crowe v. Hall, 490 F.3d 840, 844 (11 Cir. 2007), cert. denied, ____ U.S. ____, 128 S.Ct. 2053 (April 21, 2008). Clearly established federal law embraces "the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision." Stewart v. Sec'y, Dep't of Corrs., 476 F.3d 1193, 1208 (11 Cir. 2007). A decision is "contrary to" established law if (1) the state court arrived at an opposite conclusion on a question of law as interpreted by the Supreme Court or (2) the court arrived at a different result when confronted with "materially indistinguishable" facts from relevant Supreme Court precedent. Jennings v. McDonough, 490 F.3d 1230, 1236 (11 Cir. 2007), cert. denied, U.S. ___, 122 S.Ct. 846 (2008). An application of established law is unreasonable "if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context." Id.

"[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(quoting Early v. Packer, 537 U.S. 3, 7-8 (2002). Even where a state court denies an application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits," and is thus entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corr., 278 F.3d 1245, 1255 (11 Cir. 2002). Moreover, findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Crowe v. Hall, 490 F.3d at 844.

The relevant facts of this case are as follow.[4] Dan Greenberg returned home at 7:00 A.M. after a six-day trip. He dressed, activated his burglar alarm, and went to work. He returned home early that evening, only to exit again to run various errands. At that time, he did not activate the burglar alarm. When he returned home at approximately 10:00 P.M., he noticed that the garage door, the back door to the garage and the outside gate were all open. He proceeded inside to the kitchen and found an open window. He then saw that his DVD player was gone, personal items in the bedroom were scattered, and various other items contained throughout the house were missing. The victim also found in the garage a tin can, which he used to store coins. The tin can had been a gift and had

---

[4]For a more detailed recitation of the facts of the case and the evidence admitted at trial, see the trial Transcript. (DE# 12).

originally contained candy and he kept the can in his bedroom. The victim telephoned the police and the police came to the house to dust for fingerprints. Fingerprints found at the victim's residence, located on the tin, matched Jones'.

Jones claims in ground one that he received ineffective assistance of trial counsel, because his lawyer failed to rebut the evidence provided by the state's fingerprint technician with testimony from a defense expert. Specifically, he alleges that trial counsel improperly failed to call as a witness at trial fingerprint expert Mervin E. Smith and Smith would have testified that the fingerprint found on the tin could have been placed there long before the burglary had occurred. According to Jones, the sole evidence linking him to the burglary was the fingerprint and, therefore, such defense evidence would have altered the outcome of the trial. To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result.[5] Strickland v. Washington, 466 U.S. 668 (1984).

The relevant evidence admitted at trial is as follows. Officer

---

[5]When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305 (11 Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11 Cir.), cert. denied, 537 U.S. 812 (2002), quoting, Strickland v. Washington, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). A claim of ineffective assistance is a mixed question of law and fact. Strickland, 466 U.S. at 698.

Howard Davis, a crime scene technician, was called as a witness on behalf of the state and he testified that he dusted for fingerprints various locations inside and outside the residence and various items inside the residence. See Trial Transcript at 165-70, 182-85. A latent print was found on the tin can. Id. at 167-68. Officer Davis testified that the fingerprint could be seen perfectly, and no other usable prints were recovered from the crime scene. Id. at 168, 170. Over defense objection, the fingerprint card was admitted into evidence. Id. at 183-84. Officer Guillermo Martinez, a latent print examiner and manager of the latent examiners of the City of Miami Police Department, was called as a state expert witness in the field of fingerprinting. Id. at 187-229. The officer defined for the jury the term latent fingerprint, and he testified how fingerprints were lifted, how fingerprints were compared once they had been lifted from a crime scene and he explained the equipment used in fingerprint analysis. Id. at 187-97. When the officer attempted to explain how the fingerprint lifted in this case was compared to the fingerprint standards of arrested subjects in the computer collected by the Miami-Dade County data base, the court prohibited such inquiry on the basis of hearsay in that the witness had not been the examiner who had lifted the prints. Id. at 201-03. The state then requested that Jones be fingerprinted so that his standard could be compared to the fingerprint obtained in the case. Id. at 103-04. Over defense objection, Officer Martinez performed the fingerprinting outside the presence of the jury and the standard of Jones' fingerprint was subsequently admitted into evidence. Id. at 204-10. Officer Martinez then testified that Jones' standard fingerprint was identical to the print lifted from the crime scene, making it a perfect match. Id. at 209-10. The officer went on to testify that although a computer may give twenty possible matches for a given fingerprint that does not mean that those are real matches. The

8

computer is simply an aid, and the fingerprint examiner must analyze each one to determine if there is a match. Since no two individuals have the same fingerprints, when the standard provided by the computer matched the fingerprint, it was unnecessary to continue checking the rest of the standards. Id. at 214.

Decisions whether to call a particular witness or not to cross-examine certain witnesses are generally questions of trial strategy not amounting to ineffective assistance of counsel. See generally Dorsey v. Chapman, 262 F.3d 1181, 1186 (11 Cir. 2001)(holding that petitioner did not establish ineffective assistance based on defense counsel's failure to call expert witness for the defense in that counsel's decision to not call the expert witness was not so patently unreasonable a strategic decision that no competent attorney would have chosen the strategy); Waters v. Thomas, 46 F.3d 1506, 1512 (11 Cir. 1995)("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision and it is one that [the courts] will seldom, if ever, second guess."); Chandler v. United States, 218 F.3d 1305, 1314 (11 Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001) (holding that counsel cannot be deemed incompetent for performing in a particular way in a case as long as the approach taken "might be considered sound trial strategy")(quoting Darden v. Wainwright, 477 U.S. 168 (1986)). This is especially true because allegations of what a witness would have testified are largely speculative. Speculation about what witnesses could have said is not enough to establish the prejudice-prong of Strickland. See generally Grisby v. Blodgett, 130 F.3d 365, 373 (9 Cir. 1997). See also White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight.")

Review of defense counsel's cross-examination of the officers indicates that defense counsel was well-versed in fingerprint identification procedures, and he thoroughly questioned the witnesses about the fingerprint procedures applied in this case. See Trial Transcript at 171-80, 185-86, 210-23. Defense counsel forcefully questioned state witness Officer Davis regarding his decision about which areas of the home and items to dust for prints and the quality of the lifted prints, attempting to demonstrate that some of the prints that were found unusable might have been tainted by the officer during the collection process. Regarding expert Martinez, trial counsel pointed out that a computer analysis provided the officers with twenty possible matches, attempting to impeach the witness' conclusion that the latent fingerprint in fact belonged to Jones. Through his thorough cross-examination, trial counsel attempted to cast doubt on the reliability of the expert's testimony.

It is clear from the record that there was no basis to challenge the qualifications of the state's expert witness and/or the conclusions of the witnesses by way of a defense expert. Counsel was knowledgeable about techniques regarding latent prints and skillfully cross-examined the state expert witness, attempting to discredit his conclusion that the subject fingerprint was in fact Jones and/or had been placed there at the time of the subject burglary. Accordingly, counsel's decision not to challenge the state's witness and/or present a defense expert witness was a question of trial strategy that is unchallengeable in this federal proceeding.

Further, even if counsel's performance could be deemed deficient as alleged, Jones has not demonstrated that the neglect or omission by counsel caused him to suffer prejudice as a result.

In other words, there is no indication that the results of the proceeding would have been different had counsel had challenged the expert's qualifications and/or retained a defense expert. Strickland, 466 U.S. at 694. In this habeas corpus proceeding, Jones has presented no evidence whatever that the fingerprint found on the tin can was not his or was not placed there at the time of the burglary, which he apparently cannot do. The lack of a specific, affirmative showing of any exculpatory evidence leaves Jones' claim purely speculative and well short of the prejudice required by *Strickland*. See Grisby v. Blodgett, 130 F.3d at 373. Here, through cross-examination of the state witnesses and extensive argument before the jury regarding the fingerprint evidence,[6] defense counsel was able to support the defense theory that the state's fingerprint evidence was unreliable and was insufficient to establish guilt beyond a reasonable doubt. By not calling defense witnesses, counsel was able to preserve the right to first and last closing argument.[7] Counsel's performance, therefore, did not fall below the level of a reasonably competent attorney under Strickland, supra.

Accordingly, the state trial court's denial of the ineffective assistance of trial counsel claim raised in this federal petition, which ruling was affirmed by the state appellate court, see Jones v. State, 959 So.2d 408 (Fla. 3 DCA 2007), did not constitute a decision that was contrary to or an unreasonable application of *Strickland*. Jones is not entitled to habeas relief on ground one of this petition. See 28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S.

---

[6]See Trial Transcript at 273-79, 302-06, 310-11.

[7]Effective May 3, 2007, the rule has now changed in Florida so that the prosecutor now enjoys the final closing argument in non-capital cases. In re: Amendments, 957 So. 2d 1164 (Fla. 2007).

362 (2000).

Jones alleges in ground two that his conviction is unlawful, because the state improperly withheld material exculpatory evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1983). Specifically, Jones refers to a pair of black slippers and a beeper that had been found by the victim in his home after the burglary. <u>See</u> Trial Transcript at 147, 148. He contends that these items were not revealed to the defense until the time of trial, and the jury was led to believe that the items belonged to him.

In order to succeed on such a claim, Jones must establish that (1) evidence was suppressed, (2) the evidence was favorable to the defense, and (3) the evidence was material either to guilt or punishment. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). Undisclosed evidence is material if there exists a reasonable probability that the result of the proceedings would have been different had the evidence been disclosed to the defense. <u>See</u> <u>East v. Johnson</u>, 123 F.3d 235, 237 (5 Cir. 1997). The state is not required to furnish a defendant with exculpatory evidence that is fully available to the defendant or that could be obtained through reasonable diligence. <u>See</u> <u>Blackmon v. Scott</u>, 22 F.3d 560, 564-65 (5 Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 1060 (1994).

Jones raised the identical claim in the Rule 3.850 proceeding, and, after reviewing applicable law, the trial court denied the motion, stating as follows:

> In the case at bar, [Jones] fails to show the relevancy of the black slippers and beeper and how it (sic) is favorable to him. In addition, the evidence was not suppressed because the defense was notified as to the items. Furthermore, [Jones] does not indicate with reasonable probability that the outcome of the proceedings would have been different.

(Order Denying Motion for Post Conviction Relief at 2)(DE# 11; App. J). For the reasons stated by the trial court, there was no *Brady*-violation here. While there may, at most, have been a violation of state court discovery rules, there was no violation of *Brady*, as the items, while possibly tardily supplied to Jones, were not suppressed by the state but were introduced at trial. Any *Brady* claim therefore falls on the first element.

Moreover, Jones has not shown that there exists a reasonable probability that the result of the proceedings would have been different in this case had the evidence been disclosed or, more appropriately, earlier disclosed to the defense. During counsel's closing argument, he pointed out to the jury that the state had presented no evidence whatever during the trial that the beeper and/or slippers found by the victim belonged to Jones and further apprised the jury that the police failed to conduct any investigation to determine the owner of those items. See Trial Transcript at 299. The jury was apparently not persuaded by trial counsel's argument that the owner of those items was not Jones and that it was that unknown person who was the perpetrator in this case. Thus, even with no evidence directly linking Jones to those items and argument by counsel, the jury still rejected Jones' defense and found him guilty of the subject offenses. In this federal proceeding, Jones has provided no evidence whatever that the subject items belonged to some other individual and that that unidentified individual committed the burglary and theft.[8]

The state trial court's denial of the claim raised here as ground two, which ruling was affirmed by the state appellate court,

---

[8]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his <u>pro se</u> petition to be of probative value. <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

see Jones v. State, 959 So.2d 408 (Fla. 3 DCA 2007), did not constitute a decision that was contrary to or an unreasonable application of federal law. Jones is, therefore, not entitled to habeas relief on ground two of this petition. See 28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

Jones claims in ground three that he received ineffective assistance of appellate counsel, because his lawyer raised a frivolous issue and failed to raise the meritorious claim that the evidence admitted at trial was insufficient to sustain his conviction. The two-prong *Strickland* test is equally applicable in assessing counsel's performance in appellate proceedings. See Grubbs v. Singletary, 120 F.3d 1174, 1176 (11 Cir. 1997)(applying the Strickland test to a claim of ineffective assistance of appellate counsel). See also Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). In Jones v. Barnes, 463 U.S. 745 (1983), the Supreme Court held that the Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues. In considering the reasonableness of an attorney's decision not to raise a particular claim, this Court must consider "all the circumstances, applying a heavy measure of deference to counsel's judgments." Eagle v. Linahan, 279 F.3d 926, 940 (11 Cir. 2001), quoting, Strickland, 466 U.S. at 691. Further, in determining whether the failure to raise a claim on appeal resulted in prejudice, the courts must review the merits of the omitted claim and, if it is concluded that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the appeal. Eagle, 279 F.3d at 943.

Jones first alleges that appellate counsel raised a frivolous claim on direct appeal. The sole issue raised on direct appeal was that Jones' present and prior burglaries were non-violent and therefore could not be used to sentence him as a violent career criminal under <u>Fla.Stat</u>. §776.08. In his brief on direct appeal, appellate counsel referred to <u>Delsol v. State</u>, 837 So.2d 428 (Fla. 3 DCA 2002) and <u>Rodriquez v. State</u>, 837 So.2d 1177 (Fla. 3d DCA 2003), stating that petitions for discretionary review were then pending before the Florida Supreme Court in those cases on the identical issue and that the Florida Third District Court of Appeal in the instant case should certify the issue to the Florida Supreme Court as one of great public importance or issue an opinion citing to *Delsol* or *Rodriguez*, enabling Jones to seek discretionary review before the Florida Supreme Court. <u>See</u> Initial Brief on Direct Appeal at 6. (DE# 11; App. A). Jones contends that appellate counsel's assertion that petitions for discretionary review were pending before the Florida Supreme Court in *Delsol* and *Rodriguez* and his reliance on those cases for review before the Florida Supreme Court was erroneous in that such petitions had been denied.

This claim is clearly refuted by the record and applicable Florida caselaw. Although the Florida Third District Court of Appeal had not certified the issue raised in *Delsol* and *Rodriguez* as one of great public importance, the appellants in those cases sought discretionary review before the Florida Supreme Court. The Florida Supreme Court ultimately declined  jurisdiction in the two cases, letting stand the original interpretation of §776.08, <u>Fla.Stat</u>. and <u>Falco v. State</u>, 407 So.2d 203 (Fla. 1981) that a forcible felony includes non-violent burglaries. However, at the time the briefs were filed in the subject appellate proceeding, the Florida Supreme Court had not yet disposed of the petitions for discretionary review filed in *Delsol* and *Rodriguez*. The Florida

15

Supreme Court denied review of *Rodriguez*'s petition on June 30, 2003, and denied review of *Delsol*'s petition on November 17, 2004. See <u>Delsol v. State</u>, 889 So.2d 71 (Fla. 2004); <u>Rodriguez v. State</u>, 848 So.2d 1155 (Fla. 2003). Jones' Initial Brief was filed on May 16, 2003, and the state's Answer Brief was filed on June 24, 2003. See http://www.3dca.flcourts.org. The state in its Answer Brief opposed any certification of the issue on appeal to the Florida Supreme Court and pointed out that it was within the appellate court's jurisdiction whether to issue an opinion citing *Delsol* and *Rodriguez* to permit the filing of a petition for discretionary review. While certainly a legitimate argument on behalf of the state, such argument in no way rendered the appellate issue pursued by appellate counsel in the instant appeal frivolous. Clearly, during the time of the pending appeal, the issue raised challenging the enhanced sentence had arguable merit and was, therefore, made in good faith.

Jones next alleges that appellate defense counsel failed to raise as an issue on direct appeal that the trial court's denial of his motion for judgment of acquittal was improper. At trial, trial counsel moved for judgment of acquittal, arguing *inter alia* that sole evidence linking Jones to the burglary was the fingerprint evidence and the state had failed to prove beyond a reasonable doubt that the fingerprint lifted from the tin can could only have been made at the time of the burglary. See Trial Transcript at 237-43. Counsel stated that the print could have been placed there by another who was considering purchasing the candy tin and/or by someone who had entered the home lawfully based upon the victim's testimony. <u>Id</u>.

In Florida, the test for the sufficiency of the evidence is whether a "rational trier of fact could have found proof of guilt

beyond a reasonable doubt." Melendez v. State, 498 So.2d 1258, 1261 (Fla. 1986)(citing Jackson v. Virginia, 443 U.S. 307 (1979)). A defendant who challenges the sufficiency of the evidence admits not only the facts stated and the evidence adduced, but also every reasonable inference to be drawn from the evidence that is favorable to the state. Gant v. State, 640 So.2d 1180, 1181 (Fla. 4 DCA 1994). It is for the jury to decide what inferences are to be drawn from the facts. Taylor v. State, 583 So.2d 323, 328 (Fla. 1991). So long as there is sufficient evidence in the record to support such inferences, the appellate court will affirm the judgment. Adkins v. Adkins, 650 So.2d 61, 62 (Fla. 3 DCA 1994).[9]

The crime of burglary as defined in pertinent part in Florida is as follows: "[E]ntering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Section 810.02(1), Florida Statutes. Where fingerprint evidence found at the scene is relied upon to establish identity, the evidence must be such that the print could have been made only when the crime was committed. Tirko v. State, 138 So.2d 388, 389 (Fla. 3 DCA 1962). Here, the state presented sufficient evidence from which a reasonable jury could find that Jones was the intruder who broke into the victim's home and then stole various items. In this case, Jones' fingerprint was found on a tin can which had been moved from the victim's bedroom to the garage, after the victim's home had been burglarized. Based

---

[9]The standard for review of the sufficiency of the evidence on a petition for federal habeas corpus relief is whether the evidence presented, viewed in a light most favorable to the state, would have permitted a rational trier of fact to find the petitioner guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Smith v. White, 815 F.2d 1401 (11 Cir. 1987). This familiar standard gives full play to the responsibility of the jury to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. See Wilcox v. Ford, 813 F.2d 1140, 1143 (11 Cir. 1987), citing, Jackson v. Virginia, 443 U.S. at 326.

upon the evidence admitted at trial, it is virtually inconceivable that Jones left his print on the subject can on an occasion other than the burglary for which he was convicted. Here, the victim testified at trial that the tin can was moved without his consent. See Trial Transcript at 130, 134-35, 151. The can had been kept in the victim's bedroom, and the can had no access to the public from the time he received it as a gift in 1985 or 1986, until the burglary which was committed in 2001. Id. He also testified that he had never seen Jones before the trial, he did not know Jones, he never gave Jones permission to be inside his home, and he had never given Jones permission to take the items from his home. Id. at 135-36. Officer Davis testified that he lifted the print from the tin can and Officer Martinez testified that the lifted print matched Jones' fingerprint. Id. at 167-70, 195, 205-08. Further, Officer Davis testified that Jones' fingerprint was found in the victim's home immediately after the burglary had occurred. Id. at 163.

Therefore, evidence of Jones' fingerprint on the container, for which no innocent explanation was offered other than argument to the jury that it was not Jones' fingerprint and, even if it were his fingerprint, it could have been placed there at any time, even before the victim had obtained the container many years before, was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Jones was the perpetrator of the burglary. Lewis v. State, 777 So.2d 456 (Fla. 4 DCA 2001)(holding that circumstantial evidence consisting of defendant's fingerprints on cash container found in burglarized residence was sufficient to support burglary and grand theft convictions, notwithstanding defendant's assertion that he had touched the container sometime before it came into victims' possession, given state's evidence that the victims had used the container for at least a year and the container had been moved in the burglary from atop the dresser to

the floor, providing the opportunity for the burglar to leave prints on the container). <u>See also</u> <u>Taylor v. Stainer</u>, 31 F.3d 907 (9 Cir. 1994)(holding that where it was virtually inconceivable that defendant could have left his print on victim's windowsill under any circumstance other than the burglary-murder for which he was convicted, the evidence was sufficient to support the crimes). <u>See also</u> <u>Gibson v. Collins</u>, 947 F.2d 780 (5 Cir. 1991)(holding that burglary of habitation conviction was sufficiently supported by evidence that defendant's fingerprints were found on two silver trays moved from inside buffet cabinet in victims' house, in which defendant had never been permitted, since jury could reasonably conclude that trays were generally inaccessible to defendant at any time prior to break-in and that defendant thus handled them while burglarizing victims' home).

In conclusion, when taken in the light most favorable to the state, the competent direct and circumstantial evidence presented at trial was ample to have permitted a rational trier of fact to find that Jones had committed the crime of burglary of a dwelling under Florida law, rendering the evidence constitutionally sufficient to sustain the conviction.[10] <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979). Since there was sufficient evidence presented at trial to satisfy the trier of fact that Jones had committed the offense of burglary, the trial court properly denied his motion for judgment of acquittal. <u>See</u> <u>Smith v. White</u>, 815 F.2d 1401 (11 Cir. 1987). It, therefore, follows that Jones' ineffective assistance of appellate counsel claim is meritless.  Even if this Court were to find that appellate counsel's performance could in any way be deemed deficient for failing to raise the subject issue on direct

_____

[10]It is clearly the responsibility of the jury to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. <u>See</u> <u>Wilcox v. Ford</u>, 813 F.2d 1140, 1143 (11 Cir. 1987), <u>citing</u>, <u>Jackson v. Virginia</u>, 443 U.S.  307, 326 (1979).

appeal, Jones would not be entitled to relief in that he suffered no prejudice from the alleged deficiency because for the reasons stated immediately above, the underlying claim is meritless. Since the omitted claim would not have been successful if raised on appeal, appellate counsel's performance did not affect the outcome of the appeal. See Jones v. Barnes, 463 U.S. 745 (1983); Eagle v. Linahan, 279 F.3d 926, 943-44 (11 Cir. 2001),(requiring a showing of some likelihood of a more favorable result on appeal had appellate counsel raised the subject  claim). See also Card v. Dugger, 911 F.2d 1494, 1520 (11 Cir. 1990)(holding that appellate counsel is not required to raise meritless issues).

Accordingly, appellate counsel's performance was not ineffective for raising the claim presented on direct appeal and failing to raise an insufficiency of the evidence claim on direct appeal. See Grubbs v. Singletary, 120 F.3d 1174, 1176 (11 Cir. 1997). The state appellate court's denial of Jones's petition for writ of habeas corpus, where the subject ineffective assistance of appellate counsel claim now raised in this federal petition was presented is not in conflict with clearly established federal law or based on an unreasonable determination of the facts, and its result should not be disturbed. 28 U.S.C. §2254(d)(1); Williams v. Taylor, supra.

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 10th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Bobby Jones, <u>Pro</u> <u>Se</u>
     DC# 180758
     Everglades Correctional Institution
     P. O. Box 949000
     Miami, FL 33194-9000

     Olga Villa, AAG
     5959 Blue Lagoon Dr
     Suite 103
     Miami , FL 33126