UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22367-CIV-UNGARO

BOBBY JONES,
    Petitioner,

v.

WALTER A. MCNEIL,
    Respondent.
_____/

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Petitioner's *pro se* action pursuant to 28 U.S.C. § 2254 attacking his conviction entered in case no. 01-15137 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County. The matter was referred to Magistrate Judge Patrick A. White who issued a Report recommending that Petitioner's action for habeas corpus relief be denied. (D.E. 26.) Petitioner filed objections to the Magistrate Judge's Report. (D.E. 29.) The Court has conducted a *de novo* review of the record, and is otherwise fully informed in the premises.

Petitioner raises the following four objections to the Magistrate Judge's Report; (i) Petitioner contends that the trial court ordered Petitioner to be fingerprinted during his state trial for purposes of identifying him for the offense at bar and that such order deprived him of his constitutional right to a fair trial because the fingerprinting gave the appearance of partiality benefitting the state (D.E. 29 at 2); (ii) Petitioner contends he received ineffective assistance of trial counsel because his lawyer failed to rebut the evidence provided by the state's fingerprinting

1

technician with testimony from a defense expert[1] (D.E. 29 at 3-4); (iii) Petitioner avers that his convictions are unlawful, because the state improperly withheld material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1983) (D.E. 29 at 5-6); (iv) Petitioner contends he received ineffective assistance of appellate counsel because his lawyer raised a frivolous issue and failed to raise the meritorious claims that the evidence admitted at trial was insufficient to sustain his conviction. (D.E. 29 at 6-7.)

The Court is not persuaded by Petitioner's first argument that the trial court gave the appearance of partiality by *sua sponte* ordering the Petitioner to be fingerprinted during his trial thereby depriving him of his due process right to a fair trial. The Court acknowledges the cases Petitioner cites, *In re Murchison*, 349 U.S. 133 (1955), *Mc Fadden v. State* 732 So.2d 1180 (4th DCA 1999), and *Lyles v. State*, 742 So.2d 842 (1st DCA 1999), however, these cases are distinguishable from the case at bar. For example, in *In re, Murchison*, the Supreme Court found the defendants' due process right to a fair trial was violated because the same trial judge that served on the "one man judge grand jury" which charged the defendants with perjury, also presided as the defendants' trial judge for the criminal contempt proceeding concerning their perjury charges. *In re, Murchison,* 349 U.S. 133, 138 (1955). The Court finds *In re, Murchison*, is inapplicable to Petitioner's argument because Petitioner has failed to show facts in the record

---

[1] By way of background, a crime scene technician was called as a witness on behalf of the Government during Petitioner's trial. The technician testified that he dusted for fingerprints in various locations inside and outside the residence and various items inside the residence. A latent fingerprint was on a tin can found in the garage. The victim testified that he used the tin can to store coins, and typically kept the tin can in his bedroom. No other usable prints were recovered from the crime scene. The fingerprint was admitted at trial. The State then requested that Jones be fingerprinted so that his standard could be compared to the fingerprints admitted in evidence. Petitioner contends that the sole evidence linking him to the burglary was the fingerprint found on the tin can. (*See* D.E. 26 at 6-7.)

establishing potential bias on the part of the trial judge as a result of his participation in a prior grand jury or other court proceeding involving the Petitioner, prior to his trial.

In *McFadden v. State*, the Florida District Court of Appeals found that the trial judge's conduct crossed the line of neutrality and operated to deny the defendant's due process during his probation revocation hearing. *McFadden v. State*, 732 So.2d 1180, 1184-1185 (4th DCA 1999). Particularly, the court found that the trial judge's actions consisting of conducting extensive cross examinations of the Defendant; inviting the state to reopen its case after it rested; and recommending that the state introduce various forms of additional substantive evidence including that a fingerprint comparison be performed to confirm that defendant was arrested on the alleged day he violated his probation unfairly assisted an unprepared state attorney in establishing a violation of probation. *Id.* Similarly in *Lyles v. State*, the Florida District Court of Appeals held that the trial judge gave the appearance of partiality benefitting the state by allowing the state to reopen its case after it rested, and *by sua sponte* ordering the defendant's fingerprint be taken for identification purposes. *Lyles v. State*, 742 So.2d 842, 843 (1st DCA 1999).

The Court finds that the facts underlying Petitioner's trial are distinguishable from *McFadden* and *Lyles*, because the state's request to fingerprint Petitioner occurred during the state's case-in-chief, and because the record shows that the trial court did not *sua sponte* order the Petitioner be fingerprinted.[2] Rather the undersigned's review of the record shows that when the Government's witness, Officer Martinez, a latent fingerprint examiner attempted to explain

---

[2] The Court notes Petitioner's first objection to the Magistrate Judge's Report contains argument which was not first raised in his § 2254 petition. Nevertheless, the Court exercises her discretion to review Petitioner's argument raised in this stage of proceedings. *Stephens v. Tolbert* 471 F.3d 1173, 1176 (11th Cir. 2006); *See also Williams v. McNeil* 557 F.3d 1287, 1292 (11th Cir. 2009).

3

on direct examination how Petitioner's fingerprint was lifted from the crime scene, the trial court sustained the defense's hearsay objection and prohibited Officer Martinez's testimony because Officer Martinez was not the officer who lifted the fingerprints at the crime scene. (*See* D.E. 12-3, Trial Tr. 201-203.)  Thereafter, the record shows the state requested that Petitioner be fingerprinted so that his fingerprint standard could be compared to the fingerprint obtained at the crime scene. (*See Id.*)  Upon the trial court's overruling of the defense's objection, Officer Martinez performed the fingerprinting of Petitioner outside the presence of the jury and Petitioner's fingerprint was subsequently admitted into evidence upon a proper foundation established through Officer Martinez's testimony on direct examination. (*See* D.E. 12-3, Trial Tr. 204-210.)  Officer Martinez then testified that Petitioner's standard fingerprint was identical to the print lifted from the crime scene previously admitted into evidence during the trial. (*See Id.*)  Therefore, to the extent Petitioner argues that the trial court *sua sponte* ordered his fingerprints be taken, the Court finds this argument inaccurately recounts the trial record. Moreover, a trial judge has wide discretion to determine the admissibility of evidence and the Court finds Petitioner failed to establish that the trial court proceeded in a bias manner favoring the state by allowing the Petitioner to be fingerprinted during his trial. *U.S. v. Lopez,* 758 F.2d 1517, 1520-1221 (11th Cir. 1985).

     As to the second, third, and fourth grounds for relief raised in Petitioner's objections, the Court finds these arguments are a mere recitation of Petitioner's first, second and third grounds for relief asserted in his habeas petition which the Magistrate Judge addressed in his Report.  The Court finds no further consideration of these arguments are necessary because the undersigned agrees with the analysis and conclusions the Magistrate Judge reached to address and dispose of

these claims. Based on the foregoing, it is hereby,

ORDERED AND ADJUDGED that the Magistrate Judge's Report is RATIFIED, AFFIRMED AND ADOPTED.

DONE AND ORDERED in Chambers at Miami, Florida this 17th day of June, 2009.

*(signature)*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
Bobby Jones, *pro se*